# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:19-cv-04309-VBF-KES            Date: May 29, 2019

Title: JOSE M. PEREZ v. C. BRADY, et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order Dismissing Complaint with Leave to Amend (Dkt. 1)

Pro se Plaintiff Jose M. Perez ("Plaintiff"), an inmate in the custody of California, has filed a civil rights complaint under 28 U.S.C. § 1983 against prison officials, alleging inadequate medical care and falsification of a grievance response.

Under 28 U.S.C. § 1915A(a), the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity." The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has reviewed the Complaint and, as explained more fully below, finds that it fails to state a claim against Defendant Pido, Defendant Trujillo, and Defendant Brady in her official capacity. Those claims are therefore DISMISSED WITHOUT PREJUDICE.

## I.     LEGAL STANDARD

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989).

Further, where the plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the liberal pleading standard only applies to a plaintiff's factual allegations. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     ANALYSIS

### A.     Eighth Amendment Claim.

#### 1. Legal Standard.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' … proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976) (citation omitted). "Deliberate indifference" can arise in the medical care itself, or when prison officials "deny, delay, or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To establish an Eighth Amendment violation, a prisoner must satisfy the objective and subjective components of a two-part test. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). To meet the objective element of the standard, a plaintiff must demonstrate a serious medical need. Estelle, 429 U.S. at 104. A serious need exists if failure to treat the injury or condition could result in further significant injury or cause the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). This requires more than ordinary lack of due care. Farmer v. Brennan, 511 U.S. 825, 835 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

#### 2. Analysis.

Plaintiff alleges that Defendant C. Brady, Registered Nurse, violated the Eighth Amendment by failing to provide medical care. (Dkt. 1 at 3.) Plaintiff alleges that he is a "chronic care patient" who suffers from "C.O.P.D. [Chronic Obstructive Pulmonary Disease],

diabetes, and nerve pain." (Id. at 5.) He alleges that, on December 26, 2017, he encountered difficulty breathing and felt like his lungs would "burst," so he went to the emergency clinic. (Id.) Defendant Brady allegedly refused to see Plaintiff (despite his professed lung/chest pain and difficulty breathing) and instructed him to submit a "sick call slip," which normally takes a week to process. (Id. at 5, 7.) Plaintiff promptly submitted the slip but spent the night suffering from "cold chills and check and lung pain, coughing also." (Id. at 7.)

When Plaintiff was seen by a doctor (Defendant Pido) about two days later, he was diagnosed with pneumonia and told to return to the clinic if he felt like he was running a high fever. (Id.) Later, Plaintiff felt like he had a fever and returned to the clinic; Plaintiff alleges that Defendant Brady again refused to see him unless he submitted a slip. (Id. at 8.) Plaintiff alleges that he told Defendant Brady of his diagnosis, the doctor's orders, and his chronic conditions. (Id.) A few days later, Plaintiff learned that the pneumonia was "Valley Fever." (Id.)

For the purposes of screening, this suffices to allege an Eighth Amendment claim against Defendant Brady. Arguably, "Valley Fever" is a serious medical need, particularly when coupled with Plaintiff's chronic medical issues. Also, Plaintiff's allegation that Defendant Brady knew of his pneumonia diagnosis, his chronic medical issues, and the doctor's orders—but still refused to provide him treatment—suffice for purposes of screening to allege deliberate indifference. This finding does not preclude Defendant Brady from arguing that the Complaint fails to state a claim against her.

### B. Due Process Claims.

#### 1. Legal Standard.

A prisoner has no constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); see also Hernandez v. Cate, 918 F.Supp.2d 987, 1009-10 (C.D.Cal. Jan. 18, 2013) ("Plaintiff's due process claim challenging the adequacy of the prison's administrative appeal procedure or the disposition of his administrative appeal fails because 'inmates lack a separate constitutional entitlement to a specific grievance procedure.'").

Allegations that a prison official filed a false report, by itself, fails to state a cognizable constitutional claim. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) (explaining that claims based on the falsity of charges and impropriety of the defendant's involvement in the grievance procedure, "standing alone, do not state constitutional claims"); Dorava v. Gonzalez, 2015 WL 1757147, at *7 (C.D.Cal. Apr. 16, 2015) (plaintiff's allegations that the defendants wrote a false rules violation report did not plausibly state a constitutional violation); Jackson v. Baca, 2014 WL 4093425, at *7 (C.D.Cal. Aug. 18, 2014) (plaintiff's allegations of false reports and cover up, standing alone, did not state a cognizable constitutional claim); Daley v. United States, 2010 WL 2595966, at *2 (C.D.Cal. June 2, 2010) (plaintiff's allegation of defendants'

false testimony during grievance investigation does not state cognizable claim); Higgins v. Medina, 2009 WL 3255268, at *3 (E.D.Cal. Oct. 8, 2009) (plaintiff's due process claim arising from the falsification of reports and other documents was not cognizable), Report and Recommendation adopted by 2009 WL 4828738 (E.D.Cal. Dec. 9, 2009).

### 2. Analysis.

Plaintiff alleges that Defendant M. Trujillo, Supervising Registered Nurse, and Defendant Susan Pido, Medical Doctor, violated his due process rights by falsifying a grievance response. (Dkt. 1 at 3.) Plaintiff alleges that on January 2, 2018, he submitted a grievance concerning Defendant Brady's denial of treatment. (Id. at 9.) Plaintiff alleges that Defendant Trujillo met with him on February 20, 2018, concerning the grievance; she interviewed Plaintiff, found nothing wrong with Defendant Brady's actions, and requested that he withdraw his grievance. (Id.)

Plaintiff alleges that on February 21, 2018, he was called for a meeting in Defendant Pido's office with Defendant Trujillo. (Id.) Defendant Pido allegedly explained that the purpose of the meeting was so she could explain the "procedures of seeing the Dr. and that maybe [Plaintiff] has misunderstood that [he] should come back and request to see a Dr.," (id.), presumably clarifying the instructions she gave to Plaintiff before he returned to the emergency clinic with a fever. Plaintiff allegedly told Dr. Pido that he did not return to the clinic requesting to see a doctor, and that Defendant Trujillo had called Plaintiff a liar and asked him to withdraw the grievance in the first interview. (Id. at 10.) Defendant Trujillo then submitted a "false" response to the grievance, indicating that the grievance interview occurred with Defendant Pido, not the day before. (Id.)

Plaintiff does not allege a cognizable claim against Defendants Pido and Trujillo. Plaintiff does not have a constitutional entitlement to any particular grievance process. Moreover, report falsification alone does not give rise to a cognizable constitutional claim. In this case, Plaintiff only alleges that Defendant Trujillo failed to report the date of the first interview, and it is unclear what wrongdoing he alleges that Defendant Pido committed. This does not suffice to state a claim for a due process violation.

### C. Individual and Official Capacities.

### 1. Legal Standard.

Naming a government official in his or her official capacity is the equivalent of naming the government entity itself as the defendant. Kentucky v. Graham, 473 U.S. 159, 165 (1985). State officials sued in their official capacities for damages are not persons for purposes of § 1983, except when sued for prospective declaratory or injunctive relief. Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). In an official-capacity suit, the plaintiff must

demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer, 502 U.S. at 25; Graham, 473 U.S. at 166.

State officials sued in their personal capacity are persons for purposes of § 1983. See Hafer, 502 U.S. at 31; Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law." Graham, 473 U.S. at 165. "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166.

### 2. Analysis.

Plaintiff names the three Defendants in their official and individual capacities. (Dkt. 1 at 3.) Plaintiff, however, fails to state a cognizable claim against the Defendants in their official capacities. He does not seek prospective injunctive relief. He also does not allege that a policy, custom, or practice the public entity for which the Defendants work caused the alleged constitutional violations.

## III. CONCLUSION

IT IS HEREBY ORDERED that the Plaintiff's claims against (1) Defendant Pido in her individual and official capacities, (2) Defendant Trujillo in her individual and official capacities, and (3) Defendant Brady in her official capacity, are DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **on or before June 27, 2019**, Plaintiff shall (a) file a First Amended Complaint that attempts to remedy the defects described above, (b) voluntarily dismiss the claims against Defendant Pido, Defendant Trujillo, and Defendant Brady in her official capacity, or (c) re-file the Complaint.

If Plaintiff chooses to file a First Amended Complaint, then it should bear the docket number assigned to this case (19-cv-04309-VBF-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

If Plaintiff voluntarily dismisses the claims Defendant Pido, Defendant Trujillo, and Defendant Brady in her official capacity, then the Court will order the U.S. Marshal to serve Defendant Brady in her individual capacity with process, based on the claims against her in the Complaint.

If Plaintiff chooses to simply re-file the Complaint without making material changes, then the Magistrate Judge may recommend that the District Judge dismiss the claims Defendant Pido, Defendant Trujillo, and Defendant Brady in her official capacity, with prejudice and without leave to amend.

**If Plaintiff fails to timely respond to this order by filing a First Amended Complaint or notice of voluntary dismissal, this action may be dismissed for lack of diligent prosecution.**

    The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints and Form CV-09 for voluntary dismissal.

Initials of Deputy Clerk: dv